# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL CARRERA,<br><br>Plaintiffs,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, et al.,<br><br>Defendants. | Civil Action No.: 18-cv-13824 (PGS)(DEA)<br><br>Memorandum Opinion |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant Bayview Loan Servicing LLC's Motion to Dismiss Plaintiff Miguel Carrera's complaint, (ECF No. 9). At a conference on the motion to dismiss, Plaintiff sought an opportunity to amend his complaint because he had facts which would undermine Defendant's motion. The Court will permit the amendment and allow a motion to dismiss, if appropriate. Defendant acquiesced to same; but requested that the Court address Count V, which alleges slander of title, because it does not involve any of the amendments Plaintiff has stated. The motion to dismiss is granted in part and denied in part without prejudice and the Plaintiff shall file an amended complaint. For the following reasons, Plaintiff's complaint is dismissed with prejudice as to Count V, Slander of Title. The remainder of Plaintiff's complaint, Counts I through IV, are dismissed without prejudice.

I

This case arises from a State foreclosure action. On September 6, 2006, Plaintiff Miguel Carrera executed a promissory note and mortgage in the amount of $392,000 payable to JP Morgan Chase Bank, N.A. ("Chase"), on a property located at 230 Baldwin Street, New Brunswick, New

1

Jersey. (Compl., ECF No. 1, at ¶ 10). On March 22, 2015, the note and mortgage were assigned to Bayview Loan Servicing, LLC ("Bayview") (*Id.* at ¶ 12); and on May 10, 2016, Bayview filed a foreclosure complaint against Plaintiff in the Superior Court of New Jersey, Chancery Division, Middlesex County. (Foreclosure Compl., ECF No. 9-5). One of the issues in dispute is when Plaintiff defaulted on the note and mortgage. Bayview retained Schiller Knapp Lefkowitz & Hertzel, LLP (Schiller Knapp) as its counsel for the foreclosure action.

On April 11, 2017, the Superior Court entered Final Judgment for foreclosure. (J. of Foreclosure, ECF No. 9-8). On July 7, 2017, Plaintiff sought a modification of the loan, and submitted a complete loss mitigation application. (Compl., at ¶ 14). On July 24, 2015, Plaintiff filed a motion to stay the impending Sheriff's sale to allow review of the modification; the stay was granted on July 25, 2017, and the Sheriff's sale was stayed until September 20, 2017. (*Id.* at 17).

Plaintiff alleges that on September 19, 2017, his counsel contacted Schiller Knapp, foreclosure attorneys for Bayview, to confirm that the Sheriff's sale had been adjourned. (*Id.* at ¶ 18). That same day, Schiller Knapp provided Plaintiff's counsel with two letters, dated September 13 and 19, 2017 informing Plaintiff he had been denied the modification for failure to provide requested documents by the deadline. (*Id.* at ¶ 19). The next day, on September 20, 2017, Plaintiff's counsel received an email from Schiller Knapp that contained a letter from Bayview, dated August 1, 2017, requesting additional documents for the modification. (*Id.* at ¶ 21). In response, that same day, Counsel for Plaintiff sent Schiller Knapp the additional documents that had been requested by Bayview, and proof that those documents had been received by Bayview on August 30, 2017. (*Id.* at ¶ 22).

On September 20, 2017, Schiller Knapp conducted the Sheriff's sale, and the property was

sold to a third party. (*Id.* at ¶ 23). On December 18, 2017, the foreclosure court entered an order that required Bayview to review Plaintiff's modification application which had been submitted in July 2017, with the additional documents provided in August 2017, and required Bayview to provide an explanation for any denial and provide a copy to the court. (*Id.* at ¶ 27). After the third-party purchaser of the property filed a motion to confirm the Sheriff's sale and dismiss Plaintiff's objection to the sale, on March 29, 2018, the foreclosure court ordered Bayview to either approve or deny the modification application within fourteen days, and if the modification was denied, Bayview was to provide a basis for the denial. (*Id.* at ¶ 31). Finally, on April 12, 2018, Schiller Knapp submitted a letter from Bayview, dated March 22, 2018, which purported to deny Defendant's modification application based upon Plaintiff's failure to provide documents. (*Id.* at ¶ 21).

Plaintiff brought the present suit against both Bayview and Schiller Knapp, bringing claims for violations of 15 U.S.C. § 1692(e) of the of the Fair Debt Collection Practices Act ("FDCPA"), (Count I), violations of 15 U.S.C. § 1692(f) of the FDCPA (count II), violations of 15 U.S.C. § 1692(d) of the FDCPA (count III), a claim for respondeat superior against Bayview (Count IV), and slander of title (Count V).

II

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit set forth a three-part analysis for determining whether not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

III

Plaintiff claims that Bayview slandered Plaintiff's title to the property "[b]y allowing the property to proceed through [a] [S]heriff['s] sale and the recording of the Sheriff's Deed by the third-party purchaser . . . ." (Compl. at ¶ 36). Based on this, "Defendants have permitted the publication of a dishonest assertion concerning plaintiff's title, causing plaintiff special damages." (*Id.*) In response, Bayview argues that this claim is barred by New Jersey's economic loss doctrine,

4

because this claim is based upon the foreclosure sale, which resulted from Plaintiff's default of his contractual obligations under the note and mortgage.

The economic loss doctrine "'prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract.'" *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995)). When a tort claim is asserted alongside a breach of contract claim, the tortious conduct must be "extrinsic to the contract between the parties." *Longo v. Envtl. Prot. & Improvement Co.*, No. 2:16-09114, 2017 U.S. Dist. LEXIS 85681, at *15-16 (D.N.J. June 5, 2017) (quoting *State Capital Title & Abstract Co. v. Business Serv., LLC, et al.*, 646 F. Supp. 2d 668, 676 (D.N.J. 2009)). "[I]f through its tort claim, a plaintiff simply seeks to enhance the benefit of the bargain [it] contracted for, the economic loss doctrine applies." *G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 588-89 (D.N.J. 2014). "If, however, a plaintiff asserts that a defendant breached a duty owed to the plaintiff that is independent of the duties that arose under the contract, the economic loss doctrine does not apply." *Id.*

Courts in this district have found the economic loss doctrine bars claims for slander of title, a tort-based claim, because it is "rooted in the contractual relationship between the parties based upon the executed Note and Mortgage." *Perez v. JPMorgan Chase Bank, N.A.*, No. 14-2279, 2016 U.S. Dist. LEXIS 24689, at *19-20 (D.N.J. Feb. 29, 2016) (finding that the economic loss doctrine barred claims for slander of title in an action arising from a mortgage loan transaction); *see also Kin Wong v. Wells Fargo Bank N.A.*, No. 14-5204, 2015 U.S. Dist. LEXIS 142518, at *9 (D.N.J. Oct. 20, 2015) (same); *Coleman v. Deutsche Bank Nat. Trust Co.*, No. 15-1080, 2015 U.S. Dist. LEXIS 61875 at *4 (D.N.J. May 12, 2015) (same). Here, Plaintiff's claim for slander of title is

based upon his contractual relationship with Bayview: Plaintiff executed a promissory note with Chase, secured by a mortgage and note that was later assigned to Bayview; Plaintiff defaulted on the mortgage and note; a final judgment of foreclosure was entered; and finally, because of the foreclosure, the property was sold at the Sheriff's sale. Accordingly, the economic loss doctrine bars Count V. For that reason, Count V of Plaintiff's complaint is dismissed with prejudice.

Moreover, even if the economic loss doctrine did not bar this claim, Plaintiff has failed to adequately plead slander of title. To state a claim for slander of title, Plaintiff must show: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e., pecuniary harm." *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371, 2017 U.S. Dist. LEXIS 64266, at *11 n.4 (D.N.J. Apr. 27, 2017) (quoting *System Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1140 (3d Cir. 1977)); *see also Stewart Title Guar. Co. v. Greenlands Realty L.L.C.*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999). "Malice is defined as the intentional commission of a wrongful act without just cause or excuse." *Stewart Title Guar. Co.*, 58 F. Supp. 2d at 388. Plaintiff's complaint fails to describe how Bayview, in publishing information about the Sheriff's sale, acted with malice, or even whether it published any false information. Further, the Sheriff's deed was published by the third-party purchaser, and not Bayview. Accordingly, Plaintiff's complaint in this regard fails to state a claim upon which relief may be granted. An order consistent with this Memorandum Opinion will be entered.

Dated: March 5, 2019

_____
PETER G. SHERIDAN, U.S.D.J.